## CHESTER W. GREENE *vs.* NATHAN DURFEE.

An insolvent debtor, who has obtained his discharge, is a competent witness for the assignee, on releasing the latter from all claim against him as such.

A discharge in insolvency may be proved by the original certificate, as well as by a certified copy of the record.

THIS was an action of trover brought by the plaintiff, as the assignee in insolvency of one Sabin Blake, to recover the value of certain articles of personal property, alleged to belong to the estate of the insolvent. The case was tried before *Bigelow*, J., in the court of common pleas.

Blake, the insolvent, being called as a witness by the plaintiff, the defendant objected to his competency; whereupon the plaintiff produced a release from Blake, which was admitted to be sufficient, both in form and substance, discharging the plaintiff from all claim to any effects which might in any event remain in the hands of the plaintiff as assignee of Blake. The witness then produced a paper, purporting to be his certificate of discharge in insolvency, in the usual and legal form, signed by a master in chancery, whose signature was not disputed, and which the witness stated that he received as his discharge from the master; but neither the record of the proceedings in insolvency, nor any copy thereof, was produced.

The defendant contended, that the discharge did not render the witness competent, and that it was incumbent on the plaintiff to prove that the discharge was properly granted by the master. But the judge ruled otherwise, and the witness was allowed to testify.

The jury found for the plaintiff, and the defendant excepted.

*T. D. Eliot*, for the defendant, argued that the mere certificate of discharge was not competent evidence, and that an attested copy of the record should have been produced, citing *St.* 1838, *c.* 163, § 14; 1 Greenl. Ev. § 498; *McGuire* v. *Sayward*, 9 Shep. 230; *Oakes* v. *Hill*, 14 Pick. 442; *Sherwin* v. *Bugbee*, 17 Verm. 337.

*T. G. Coffin*, for the plaintiff.

METCALF, J. The court are of opinion that Blake was rightly admitted as a witness. His release of all claim to any

effects that may, in any event, remain in the hands of the plaintiff, as his assignee, is sufficient to devest his interest in such effects. And the only other question is, whether he has any further interest in the result of this suit. If his discharge is valid, he has no further interest; and its validity is not contested. Was, then, his discharge proved by competent evidence ?

As a general rule, an official certificate of what is contained in a record, deed, or other instrument, is not admissible in evidence, any further than it is made so by statute. An authenticated copy is the proper and necessary evidence. But the paper in question in this case is not within the meaning of the rule. It is called a certificate of discharge, in the insolvent law; but it is the original instrument. And when it is granted to the debtor, he is, " *thereupon,* absolutely and wholly discharged." *St.* 1838, *c.* 163, § 7. By § 14, " the certificate of discharge, *when granted* by the judge, shall be recorded at length by the clerk, with the other proceedings; and copies of the record, duly certified," &c., "shall in all cases be admissible as evidence, *primâ facie,* of the facts therein stated and contained." The discharge will operate as such, though it should never be recorded; because the recording does not constitute the discharge, but is merely evidence of it. When recorded, a certified copy of the record is made admissible in evidence, by the statute; but the original is not, by the recording of it, rendered inadmissible. Letters of administration and letters testamentary are required to be recorded by registers of probate; but the originals are constantly produced and admitted in evidence. In *Brooks* v. *Daniels,* 22 Pick. 498, and *Vose* v. *Manly,* 1 Appleton, 331, the original record of a court-martial was held to be competent evidence, although a verified copy would have been admissible. And in *Lawson* v. *Orear,* 4 Alab. 156, the original record of a suit was received in evidence.

*Exceptions overruled.*